1  Kaveh S. Elihu, Esq. (SBN 268249)
   Jace H. Kim, Esq. (SBN 282039)
2  **EMPLOYEE JUSTICE LEGAL GROUP, LLP**
   3055 Wilshire Boulevard, Suite 1120
3  Los Angeles, California 90010
   Telephone: (213) 382-2222
4  Facsimile: (213) 382-2230

5  Attorneys for Plaintiff,
   GLENN WILLIAMS
6

7              **IN THE UNITED STATES DISTRICT COURT**
8      **FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

9   GLENN WILLIAMS, an individual,          Case No.: 2:16-cv-03075-JAK-PJW
10
                                            **PLAINTIFF GLENN WILLIAMS'**
11              Plaintiff,                   **CONFIDENTIAL SETTLEMENT**
                                            **CONFERENCE STATEMENT**
12
13  v.                                      Date: March 14, 2017
                                            Time: 1:30 pm
14                                          Location.: Roybal Federal Building and United
    WAL-MART STORES, INC., a                States Courthouse, 255 E. Temple St., Los Angeles,
15  Delaware corporation; and DOES 1        CA, 90012, Courtroom 790, 7th Floor
    through 20, inclusive,                  Judge: Hon. *Patrick J. Walsh*
16
17
18  Defendants.

19

20          **TO THE HONORABLE PATRICK J. WALSH:**

21          Thank you for agreeing to assist the parties in resolving this matter. This is Plaintiff Glenn

22  Williams' <u>Confidential</u> Settlement Conference Statement. Please do not share any portion of it with

23  Defendant without our permission.  Kaveh Elihu and/or Jace Kim will be attending the mediation on

24  Plaintiff's behalf, and may bring additional documents.

25  **I.      THE PARTIES**

26          The Plaintiff in this case is Mr. Glenn Williams, an extremely nice man who worked for

27  Corporate Defendant from September 2006 to December 18, 2014 as a loyal, devoted and capable

28

                                            -1-

1  employee. He was terminated at Defendant's Christmas party. You will find him to be honest, likeable

2  and credible.

3    The Defendant in this case is Wal-Mart Stores, Inc., a Delaware Corporation represented by

4  Anthony Gomez and Anthony Sbardellati of LTL Attorneys LLP.

5  **II. STATEMENT OF FACTS**

6    Plaintiff first began working at Wal-Mart in South Carolina on September 2006. Eventually,

7  after continuous employment there, he worked in California.

8    On December 6, 2014 he was cleaning the slicer at Wal-Mart location. The slicer was usually

9  broken  and it was not unplugged - does not know why it was on, he is not on the safety team and sliced

10  the tip of his finger.

11    Manager Twila called ER (along with assistant manager) and led him to High Desert hospital,

12  where his finger was treated. He had a doctor's note that said he could return to work on December 5,

13  2015, however, Wal-Mart gave him light duty. On December 9, 2014 he returned to work and gave

14  Tony Harrison a doctor's note he received the day before - that he was working light duty. He worked

15  the door on December 9, 2014 and December 11, 2014. He was not scheduled thereafter and called to

16  ask why, so Elizabeth Winn the personnel manager told him to go in at 3:00 pm on December 18, 2014

17  (which was the day of the Christmas party). On this date he was terminated.

18  **III. PLAINTIFF'S CLAIMS, DEFENDANTS' DEFENSES AND PROCEDURAL POSTURE**

19    **A. Plaintiff's Complaint**

20    Based on the above facts, Plaintiff's operative complaint asserts the following causes of action

21  against Defendants:

22    1. DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING

23  ACT;

24    2. RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING

25  ACT;

26    3. FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION

27  OF THE FAIR EMPLOYMENT AND HOUSING ACT;

28    4. FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS;

5.    FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS;

6.    RETALIATION IN VIOLATION OF GOV'T §12945;

7.    DECLARATORY JUDGMENT;

8.    WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;

9.    FAILURE TO PERMIT INSPECTION OF PERSONNEL AND PAYROLL RECORDS.

**B.    Defendant's Defenses**

Counsels for both parties have discussed Defendant's angle of attacks various times. They are transcribed here as follows:

(1) At his deposition, Plaintiff stated his age and race were bases for termination but had no compelling reason to believe so other than his pure speculation;

(2) At his deposition, Plaintiff stated he does not know why he was terminated, or who terminated him;

(3) Plaintiff's violation of the coaching policy served a legitimate, nondiscriminatory reason for termination;

(4) Plaintiff stated the only adverse employment action was termination;

(5) At his deposition, Plaintiff acknowledged he violated the policy of procedures;

(6) At his deposition, Plaintiff acknowledged he was terminated as a consequence of violation of handbook;

(7) He was marked as eligible for rehire which he did not apply for in a timely fashion;

**IV.    PLAINTIFF'S DAMAGES**

As for his FEHA claims, Mr. Williams seeks general, special and punitive damages against defendant.

*First*, Mr. Williams's lost past and future wages are sizable, even if mitigated to a mild degree through his diligence in securing new employment.

*Second*, Mr. Williams suffered significant emotional distress as a result of Defendant's atrocious misconduct and severe discrimination.

We believe Mr. Williams may reasonably expect an award of at least $500,000 in general damages.  In fact, this is a very modest estimate because substantial jury verdicts, including general and

1   punitive damages, have been obtained in many discrimination harassment cases in California, even

2   where the lost wages were far more modest than here.  See, e.g.,

3   •       Vasquez v. LAMTA, 2013 WL 7852947, disability discrimination/failure to accommodate

4   case, no punitives available  against public entity, $84,348 lost past wages, $385,287 lost future wages,

5   and general damages of $1,250,000.

6   •       Izaguirre v. International Coffee & Tea, LLC 2013 WL 6624243, $40,000 past economic

7   loss, $85,000 past and future noneconomic damages.

8   •       Salinda v. DIRECTTV, Inc., 2013 WL 5944203, total verdict $1,178,341 in disability

9   discrimination and related case.  Jury attributed $214,171 of the damages to plaintiff's disability

10  discrimination claim, $750,000 of the damages to plaintiff's failure to prevent discrimination and/or

11  retaliation claim, and $214,170 of the damages to plaintiff's interactive process claim.  Past economic

12  damages were $159,112, and past/future general damages were $650,000.

13  •       Amigon v. Cobe Color Cosmetics, 2009 WL 7497138, worker fired after taking sick

14  leave, $1,000 economic damages, $25,000 non-economic damages, $52,000 punitive damages.

15  •       Royal v. LACCD, 2007 WL 2033214, employee lost her position due to disability,

16  $30,000 economic, $65,000 non-economic, punitives not available against public entity.

17  •       Harris v. City of Santa Monica, 2007 WL 4303742, employee termination due to

18  pregnancy, $27,805 past economic loss, $150,000 non-economic loss, $401,188 attorney's fees.

19  •       Moore v. JMK Golf LLC, 2013 WL 3149228, employee terminated to avoid medical

20  leave, no general or special damages, $150,000 punitive damages and $88,406 attorney's fees

21  •       Cochran v. CBS Corporation, 2012 WL 6708605, Price is Right model terminated due to

22  pregnancy and defendants refused to let her return, $151,502 past economic loss, $175,000 generals,

23  over $8 Million punitives against two large corporate defendants.

24  *Third*, if Mr. Williams prevails on any of his FEHA claims, he will be entitled to recover his

25  attorney's fees, which could be substantial.

26  *Fourth*, because the acts taken toward Mr. Williams were carried out by managerial employees

27  acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of his rights

28

-4-

PLAINTIFF'S SETTLEMENT CONFERENCE STATEMENT

1    and in order to injure and damage him, Mr. Williams stands a reasonable chance of recovering punitive

2    damages, which could be in the 7-figures.

3        Simply stated, if Mr. Williams wins on at least some of his claims, he will be entitled to

4    damages, attorney's fees and costs.

5    **V.    SETTLEMENT POSTURE AND CONCLUSION**

6        Defendant opened with a settlement offer of $7,500.00.

7        Plaintiff intends to participate in good faith and looks forward to a hopefully productive day.

8    Please let me know if you have any questions in the meantime. I look forward to working with you on

9    this case.

10

11   DATED: March 13, 2017                    **EMPLOYEE JUSTICE LEGAL GROUP**

12

13                                   By:

14                                        KAVEH S. ELIHU, ESQ.
                                          JACE H. KIM, ESQ.
15                                        Attorneys for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S SETTLEMENT CONFERENCE STATEMENT